HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN A. BETANZOS-VASQUEZ,

    Defendant.

Case No. CR05-5089RBL

ORDER

THIS MATTER is before the Court upon a letter from the defendant [Dkt. #66]. In the letter the defendant states: "ON OR AROUND JULY, 2006 WHEN, I WAS IN A FEDERAL DETENTION CENTER, I NOTIFIED MY ATTORNEY THAT, I DID NOT WISH TO PURSUE THE APPEAL . . . . .: NOW MY PLANS HAVE CHANGED; I CHANGE MY OPINION AND MY FEELINGS ABOUT MY CASE. I WANT TO DO THIS IN A DIFFERENT WAY BY TESTIFYING . . ." This request by defendant can be construed either as a motion for an extension of time to file a notice of appeal, or as a motion to withdraw his guilty plea.

If the motion is construed a motion for an extension of time to file a notice of appeal, the defendant must show excusable neglect for failing to file the notice within ten (10) days of entry of judgment. Fed. R. App. P. 4(b); *See also United States v. Green*, 89 F.3d 657, 659 (9th Cir. 1996). The letter clearly states that defendant informed his attorney that he did not want to pursue his appeal and the docket reflects that on September 18, 2006 the United States Court of Appeals for the Ninth Circuit granted defendant's motion to

voluntarily dismiss his appeal [Dkt. #65]. Thus, defendant cannot show excusable neglect for the late filing of a notice of appeal and the motion so construed is **DENIED.**

If the motion is construed as a motion to withdraw his guilty plea, the defendant may only set aside his guilty plea by direct appeal or collateral attack. Fed. R. Crim. P. 11(e). It is therefore

**ORDERED** that defendant's letter/motion [Dkt. #66] is **DENIED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 21st day of December, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE